```
IN THE UNITED STATES DISTRICT COURT FOR THE
         EASTERN DISTRICT OF OKLAHOMA

DOUGLAS JOHN JONES,              )
                                 )
           Plaintiff,            )
                                 )
v.                               )    Case No. CIV-14-170-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security Administration,         )
                                 )
           Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Douglas John Jones (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 14, 1961 and was 52 years old at the time of the ALJ's latest decision. Claimant completed his education through the ninth or tenth grade, taking special education classes. Claimant has worked in the past as a convenience store clerk, escort vehicle driver, grocery store clerk, and plumbing laborer. Claimant alleges an inability to work

3

beginning August 1, 1991, modified at the hearing to April 6, 2004, due to limitations resulting from multiple physical and mental impairments.

**Procedural History**

On April 6, 2005, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. On October 8, 2009, this Court reversed the decision and remanded the case for further proceedings and consideration.

While the review was pending, Claimant filed subsequent applications for both disability and supplemental security income. Claimant was found to be disabled as of September 1, 2007.

On September 22, 2010, an second administrative hearing was held before an ALJ. On October 1, 2008, the ALJ issued another unfavorable decision on Claimant's applications. The decision was reversed and remanded by this Court on September 10, 2012.

On September 12, 2013, a third hearing was held before ALJ Kim Parrish. On February 7, 2014, the ALJ issued a third unfavorable

decision for the period from February 15, 2003 through August 31, 2007. Claimant did not pursue a review of the decision before the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) making findings at step five which were contrary to law and not supported by substantial evidence; (2) failing to properly evaluate the state agency medical consultants' medical opinions; and (3) reaching a flawed and unsupported RFC determination.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic knee pain, degenerative disc disease, mood disorder, and history of alcohol dependence. (Tr. 579). The ALJ found that for the period from February 26, 2003 through August 31, 2007, Claimant retained the RFC to perform medium work except

5

that he was only able to perform one and two step repetitive tasks and work in relative social isolation with limited contact with co-workers and the general public. (Tr. 582). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of hand packager, floor cleaner, and groundskeeper. (Tr. 593). As a result, the ALJ found Claimant was not disabled from February 15, 2003 through August 31, 2007. Id.

Claimant contends the ALJ failed to inquire of the vocational expert as to whether any conflicts existed between the expert's testimony and the *Dictionary of Occupational Titles* ("DOT"). Specifically, the vocational expert's testimony conflicted because the ALJ limited Claimant to one or two step repetitive tasks and two of the three representative jobs identified by the vocational expert - hand packager and groundskeeper - require a reasoning development level of R2. DOT §§ 406.687-010; 920.587-018. R2 jobs require an individual to be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT App. C § III. R1 jobs requires an individual to be able to "[a]pply commonsense understanding to carry out simple one- or two-step instructions"

6

and to "[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id. The remaining job of floor cleaner identified by the vocational expert requires an R1 level of reasoning development. Therefore, the ALJ erroneously accepted testimony from the vocational expert which conflicted with the DOT with regard to the first two jobs without explanation.

As for the remaining job identified - that of floor cleaner, the vocational expert identified 162 such jobs in Oklahoma and 15,520 existed nationally. (Tr. 593). This Court agrees that the multi-factor analysis for assessing whether a job exists in sufficient numbers espoused in Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992) is inapplicable in cases such as this one where the ALJ evaluated both the numbers in the regional and national economies. Raymond v. Astrue, 2009 WL 4799960, 4 n.2 (10th Cir.).

The question remaining is whether the floor cleaner job exists in sufficient numbers in the national economy at 15,520. The Tenth Circuit in Trimiar did establish that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." Trimiar at 1330. Rather, an ALJ must explicitly set forth a discussion of the factors identified above in determining

that the number of jobs a claimant can do exist in significant numbers and an ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." Johnson v. Colvin, 2014 WL 4215557, 3 (W.D. Okla.). Given the imprecise nature of this analysis, this Court is unwilling to find that 15,520 represents an insignificant number of jobs. *See*, Rogers v. Astrue, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability). Since one job exists in sufficient numbers which is not in conflict with the DOT, the ALJ had substantial evidence to support his step five determination.

**Evaluation of the State Agency Medical Opinion Evidence**

Claimant next asserts the ALJ failed to properly evaluate the opinions of Dr. Margaret S. Meyer and Dr. Dorothy Millican-Wynn, both state agency mental health professionals. On July 26, 2005, Dr. Meyer assessed Claimant's mental RFC. She determined Claimant showed marked limitations in his ability to understand and remember detailed instructions and the ability to carry out detailed instructions. Dr. Meyer found moderate limitations in Claimant's

ability to maintain attention and concentration for extended periods; ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; ability to work in coordination with or proximity to others without being distracted by them; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and the ability to respond appropriately to changes in work setting. (Tr. 373-74). In her narrative functional capacity assessment, Dr. Meyer stated that Claimant could understand, follow and carry out simple instructions, could interact adequately with co-workers and supervisors, and could adapt to routine work changes. (Tr. 375).

The ALJ found Dr. Meyer's evaluation was entitled to "substantial weight" as being consistent with the remainder of the medical record. (Tr. 590). The ALJ, however, included only two

9

mental limitations in his RFC for Claimant - restriction to one and two step repetitive tasks and that he work in relative social isolation with limited contact with co-workers and the general public. (Tr. 582). He did not address the remainder of the limitations found by Dr. Meyer in her evaluation without explanation. An ALJ cannot accept certain limitations proffered by a non-examining agency physician and rejecting other limitations without explanation. Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007). Once again, on remand the ALJ shall consider the totality of Dr. Meyer's limitations in assessing Claimant's mental RFC and provide an explanation for any rejection of the restrictions which she imposed in her opinion and which is entitled to substantial weight by the ALJ's own admission.

Dr. Millican-Wynn completed a Psychiatric Review Technique on December 8, 2008 which found Claimant met Listing 12.02A with organic mental disorders, affective disorders, and personality disorders. She noted psychological abnormalities including a change in personality, disturbance in mood, and emotional lability and impairment in impulse control. (Tr. 632-33). In rating Claimant's mental functional limitations, Dr. Millican-Wynn determined Claimant was markedly limited in the areas of difficulties in maintaining social functioning and difficulties

maintaining concentration, persistence, or pace. He was moderately limited in restrictions of activities of daily living. (Tr. 702).

Dr. Millican-Wynn noted in her narrative statement that Claimant's injuries arose from being attacked with a hatchet by a girlfriend while sleeping. He suffered a frontal lobe injury which precipitated the changes in personality and other mental limitations. (Tr. 704).

The ALJ failed to discuss Dr. Millican-Wynn's opinions in his decision. He is required to discuss every medical opinion in the record. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006); 20 C.F.R. §§ 404.1527(c); 416.927(c). Given the nature of the opinion and its support for a finding of considerable mental limitation, the omission of this opinion from the discussion of Claimant's RFC constitutes reversible error. On remand, the ALJ shall consider Dr. Millican-Wynn's opinion on limitation and assess its effect upon Claimant's RFC.

### RFC Determination

Claimant contends the ALJ's RFC failed to consider numerous restrictions which appear in the record. The failure to discuss or include the mental limitations of Drs. Meyer and Millican-Wynn is sufficient to warrant reversal and re-evaluation of Claimant's RFC. The ALJ is also encouraged to consider the various physical

11

limitations which appear in the record, including joint and back deficiencies. (Tr. 256, 284, 288, 293, 394, 404, 410). The ALJ should include any restrictions which are supported by substantial evidence in his RFC evaluation.

**Request to Award Benefits**

With this argument, Claimant essentially contends a further remand of this case is futile since the ALJ failed to do what was ordered in the last remand. There is little doubt that this case has been remanded far too many times for the same deficiencies and has been pending far to long. However, this Court is not prepared to concede that the ALJ will fail to perform the required analysis on remand. Until it is shown otherwise, this Court is confident the ALJ will perform his function as required by law and regulation. Claimant's request to award benefits, therefore, is denied at this time.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties

are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE